## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara A. Skolaut

v.

Heinrich A. Gideons

February 19, 1986

Case No. LJ 1361-1

By JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing in this case on January 24, 1986, on defendant's Special Plea of Workmen's Compensation.

The facts are not in dispute. On January 22, 1985, plaintiff and defendant, both employees of Philip Morris, Inc., were involved in an automobile accident while both were departing the work premises after work in their respective automobiles. The evidence taken at the hearing revealed that both parties' vehicles traveled in the same direction on a Philip Morris, Inc., private roadway, which is one of several for ingress and egress to Philip Morris, Inc., plants and facilities in the vicinity, and that the front portion of defendant's vehicle collided with the rear of plaintiff's vehicle at Gate H at the end of the roadway. Gate H opens onto Bells Road, a publicly maintained street.

An injury is not compensable under the Workmen's Compensation Act unless it is one "arising out of and in the course of the employment," § 65.1-7, Code of Virginia of 1950, as amended.

I agree with the defendant that the peculiarity of this case is that neither employee was within the immediate time period or location of his work at the time of the alleged injury. Despite this, as in *Brown v. Reed*, 209 Va. 562, 565 (1969), there should be no hard and fast rule to mark the beginning or ending of

employment in either time or space. The test must be whether, in leaving the work site, does the injury grow out of and is incident to the employment.

The exceptions to the rule that allow Workmen's compensation in going to and from work cases seem to apply when the injury occurs off the work premises, *GATX v. Gnewuch*, 221 Va. 600 (1980).

Accordingly, the Plea is sustained.